IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LUTHER T. RIDGE, JR.,** | : | **CASE NO. 13-CV-01577** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **THOMAS R. CAMPBELL,** | : | |
| **individually and in his official capacity;** | : | |
| **COREY L. BRITCHER, individually** | : | |
| **and in his official capacity; DAVID R.** | : | |
| **KELLER, individually and in his** | : | |
| **official capacity; and JAMES** | : | |
| **MULLER, individually and in his** | : | |
| **official capacity,** | : | |
| | : | **JUDGE SYLVIA H. RAMBO** |
| **Defendants** | : | |
| | : | |

**M E M O R A N D U M**

In this Section 1983 civil rights action, Plaintiff has sued two
Pennsylvania Fish and Boat Commission officers, the Sheriff of Adams County,
Pennsylvania, and a Pennsylvania Court of Common Pleas judge for various alleged
violations of his constitutional rights[1] arising out of a series of events that occurred
after Plaintiff failed to pay a fine issued against him by the Pennsylvania Fish and
Boat Commission. Plaintiff alleges, *inter alia*, that the Fish and Boat Commission
officers acted outside their authority and used excessive force in the execution of a
"failure to pay" warrant, that the judge made numerous errors during Plaintiff's trial,
and that deputies from the Adams County Sheriff's department knowingly arrested
him on a closed warrant. Presently before the court are motions to dismiss filed by

---

[1] Plaintiff alleges violations of his First, Sixth, Eighth, and Fourteenth Amendment rights
and Article 1 § 9 of the Pennsylvania Constitution. Article 1 § 9 of the Pennsylvania Constitution
pertains to the rights of an accused in criminal prosecutions. *See* P.A. Const. Art. 1, § 9.

each of the defendants.[2]  (Docs. 6, 8, 12.)  For the reasons that follow, the court will grant each motion to dismiss, but will provide Plaintiff leave to amend the complaint with respect to his allegations against Defendant James Muller.

I.        **Background**

         A.        **Procedural History**

         Proceeding in this matter *pro se*, Plaintiff, Luther T. Ridge, filed the complaint commencing this action on June 12, 2013, naming as defendants Corey L. Britcher ("Britcher") and David R. Keller ("Keller"), both waterway conservation officers for the Pennsylvania Fish and Boat Commission; James Muller ("Sheriff Muller"), the Sheriff of Adams County, Pennsylvania; and the Honorable Thomas R. Campbell ("Judge Campbell") of the Court of Common Pleas of Adams County, Pennsylvania.  (Doc. 1, p. 1.)  On July 2, 2013, Defendants Britcher and Keller filed a joint motion to dismiss the complaint (Doc. 6) and brief in support thereof (Doc. 7), and Defendant Sheriff Muller filed an independent motion to dismiss (Doc. 8) and brief in support (Doc. 9).  The following day, Defendant Judge Campbell filed a motion to dismiss (Doc. 12) and brief in support (Doc. 13).[2]  Plaintiff filed briefs in opposition to each motion on August 16, 2013.[3]  (Docs. 16-18.)  The two-week period for a reply brief has expired; thus, the matter is now ripe for disposition.

---

         [2] Judge Campbell moves to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6).  Defendants Britcher, Keller, and Muller move to dismiss the complaint pursuant to Rule 12(b)(6).

         [3] On July 12, 2013, Plaintiff filed a motion seeking an extension of time to file briefs in response to the motions to dismiss (Doc. 14) and the court granted Plaintiff's motion on July 15, 2013. (Doc. 15).

**B.  Facts**[4]

On January 8, 2009, Defendants Britcher and Keller entered Plaintiff's home to execute a "failure to pay" warrant issued by the Pennsylvania Fish and Boat Commission (Doc. 1, p. 2; Doc. 1-1, ¶ 1.)  Plaintiff immediately asked to see the warrant, but the officers refused to show it to him, stating:  "We don't have to show you shit."  (Doc. 1, p. 2.)  Thereupon, the officers pepper sprayed him and threw him to the floor under the pretext that he was resisting arrest.  (*Id*.)  Following his arrest, Plaintiff was charged with Resisting Arrest, in violation of 18 Pa. Cons. Stat. § 5104; Resisting Apprehension or Inspection, in volation of 30 Pa. Cons. Stat. § 904(a); and two counts of Summary Disorderly Conduct, in violation of 18 Pa. Cons. Stat. § 5503.  (Doc.1-1, ¶ 1.)

A jury trial on these charges was held on or about January 26, 2010 with Judge Campbell presiding.  (Doc. 1-1, ¶ 3.)  Judge Campbell made "many errors" at trial, including instructing the jury that, "if [Plaintiff] argued with [Officers Britcher and Keller], he's guilty [and] if he told them he wasn't going with them he's guilty." (Doc. 1, p. 5.)  The jury convicted Plaintiff of Resisting Apprehension or Inspection, a misdemeanor in the first degree, but returned a verdict of not guilty on the Summary Disorderly Conduct and Resisting Arrest charges.[5]  (Doc. 1-1, ¶ 4.)

Following the trial, Judge Campbell granted a motion by Plaintiff's trial counsel's to withdraw his appearance, despite counsel's failure to follow the proper

---

[4]  For purposes of disposition of the instant motion to dismiss, the court has carefully reviewed the complaint and exhibits attached thereto, and will, as required when deciding a motion to dimiss, accept as true all well-pleaded factual allegations and view them in the light most favorable to Plaintiff.  *See infra* Part II.

[5]  On November 15, 2010, Plaintiff was sentenced to thirty-six months of intermediate punishment.  (Doc. 1-1, ¶ 8.)

rules of procedure in pursuing the motion.[6]  (Doc. 1, p. 3; Doc. 1-1, ¶¶ 13.)  As a consequence of counsel's withdrawal, Plaintiff did not file any post-sentence motions, but did file a defective appeal *pro se*. (*Id*.)  The Superior Court affirmed the judgment of sentence on April 3, 2012.  (Doc. 1-1, ¶ 8.)  Thereafter, Plaintiff filed a Petition for Post Conviction Relief ("PCRA Petition"), and his sentence was deferred pending the outcome of the petition.  (Doc. 1-1, ¶ 9.)

On or about January 4, 2013, the trial court scheduled a hearing for February 12, 2013, relating to Plaintiff's release pending disposition of his PCRA Petition; however, Plaintiff was not notified of the hearing and, therefore, did not appear in court.  (Doc. 1, p. 3.)  Due to his absence, the trial court issued a "failure to appear" bench warrant on February 23, 2013.  (Doc. 1, p. 3.)  Plaintiff received notice of the warrant via mail on February 23, 2013, at which time he promptly contacted the sheriff's office and arranged for a new hearing date of February 28, 2013.[7]  (Doc. 1, pp. 3-4; Doc. 16, ¶ 6.)  Upon making these arrangements, he was assured by Lieutenant Miller that no further action would be taken pursuant to the warrant.  (Doc. 1, p. 4.)  Indeed, on February 26, 2013, the warrant was docketed as, "Returned Served - Closed," indicating that it was in fact no longer active.  (*Id*.)

---

[6]  Rule 120(B) of the Pennsylvania Rules of Criminal Procedure requires that an attorney file the motion with the court and concurrently serve the defendant with a copy of the motion, or make the motion orally in open court in the presence of the defendant. Pa. R. Crim. P. 120(B)(2)(a-b).  In his PCRA Petition, Plaintiff asserts that trial counsel neither served him nor made the motion in open court in his presence (Doc. 1-1, ¶ 13(b)), and states his belief that counsel withdrew because he was not current on his payments for counsel's services (*Id*. at ¶ 13(c)).  Plaintiff claims he was prejudiced by Judge Campbell's decision to grant counsel's withdraw as the motion was filed one day prior to the deadline for filing a notice of appeal.  (*See* Doc. 1, p. 3; Doc. 1-1, ¶ 13(f).)

[7]  In the complaint, Plaintiff states that he arranged to turn himself in on February 28, 2013. (Doc. 1 p. 4.)  However, in his opposition to Sheriff Muller's motion to dismiss, Plaintiff clarifies the facts as originally alleged, and states that he rescheduled the hearing date for February 28, 2013.  (Doc. 16, ¶ 6.)

Despite the closed warrant, on February 28, 2013, as Plaintiff sat in his truck in front of the Adam's County Courthouse waiting for the courthouse to open in order to appear at his hearing, four uniformed sheriff's deputies[8] pulled Plaintiff from his truck and told him they had a warrant for his arrest. (Doc. 1, pp.4-5.) He was then handcuffed and taken to a holding cell. (Doc. 1, p.5.) The handcuffs lacerated his wrist, requiring medical attention. (*Id*.)

Without specifically elaborating as to how the actions allegedly taken by each defendant violated his constitutional rights, Plaintiff requests that the court provide him relief by issuing:

1)  Injunctive relief commanding the defendants to cease any further action relating to this case until this lawsuit and the PCRA petition are finalized;

2)  Injunctive relief relieving Judge Campbell of subject matter jurisdiction and voiding all orders issued by him as allowed by case law "when a judge acts as a trespasser of the law";

3)  Declaratory relief as the court deems appropriate;

4)  Other relief as the court deems appropriate and just;

5)  Costs of litigation and punitive damages.

(Doc. 1, pp. 5-6.)

## II.     Legal Standard

### A.     *Pro Se* Complaint

---

[8] The sheriff's deputies were not identified or named as parties to this action.

*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (stating that the court must view a *pro se* litigant's complaint under a lenient standard). Accordingly, the court should construe the complaint liberally, drawing fair inferences and applying the applicable law, irrespective of whether the *pro se* plaintiff has mentioned it by name. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003). However, even a *pro se* plaintiff must be able to prove a "set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 520-21 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## B.     Motion To Dismiss Pursuant to Rule 12(b)(1)

"A motion to dismiss under Rule 12(b)(1) challenges the jurisdiction of the court to address the merits of the plaintiff's complaint." *Vieth v. Pennsylvania*, 188 F. Supp. 2d 532, 537 (M.D. Pa. 2002) (quoting *Ballenger v. Applied Digital Solutions, Inc.*, 189 F. Supp. 2d 196, 199 (D. Del. 2002)). When presented with a Rule 12(b)(1) motion, the plaintiff "will have the burden of proof that jurisdiction does in fact exist." *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006); *Kehr Packages v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991).

A motion to dismiss under Rule 12(b)(1) may present either a facial or factual challenge to subject matter jurisdiction. *See Petruska*, 462 F.3d at 302 n.3; *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977); *see also Carpet Grp. Int'l v. Oriental Rug Imps. Ass'n*, 227 F.3d 62, 69 (3d Cir. 2000). A "facial attack" assumes that the allegations of the complaint are true, but contends that the pleadings fail to present an action within the court's jurisdiction. *Mortensen*,

6

549 F.2d at 891. Such a motion should only be granted if it appears with certainty that the court's assertion of jurisdiction would be improper. *Id.*; *Carpet Grp.*, 227 F.3d at 69. A "factual attack" argues that, while the pleadings themselves facially establish jurisdiction, one or more of the factual allegations is untrue, thereby causing the matter to fall outside the court's jurisdiction. *Mortensen*, 549 F.2d at 891. On a factual attack, the court must evaluate the merits of the disputed allegations because "the trial court's . . . very power to hear the case" is at issue. *Id.*; *Carpet Grp.*, 227 F.3d at 69.

### C. Motion To Dismiss Pursuant to Rule 12(b)(6)

A motion to dismiss for failure to state a claim, filed pursuant to Federal Rule of Procedure 12(b)(6), tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In reviewing the motion, a court "may consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of Am.*, 361 F.3d 217, 221 n. 3 (2004). The motion will be properly granted when, taking all well-pleaded factual allegations and inferences drawn therefrom as true, the moving party is entitled to judgment as a matter of law.[9] *Markowitz v. Ne Land Co.*, 906 F.2d 100, 103 (3d Cir. 1990).

To survive the motion to dismiss for failure to state a claim, the complaint must allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While the 12(b)(6) standard does not require "detailed factual allegations," there must be a "'showing,'

---

[9] The burden is on the moving party to show that no claim has been stated. *Johnsrud v. Carter*, 620 F.2d 29, 33 (3d Cir. 1980).

rather than a blanket assertion of entitlement to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231-32 (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, the motion to dismiss should be granted if a party does not allege facts which could, if established at trial, entitle him to relief. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).

**III.**      **Discussion**

The three present motions together contemplate the dismissal of Plaintiff's complaint in its entirety. The court will address each motion in turn. Preliminarily, however, as Plaintiff brings his claims pursuant to Section 1983, the court will briefly address the law as it pertains to that statute.

Section 1983 of Title 42 of the United States Code offers private citizens a means to redress violations of federal law committed by state officials. *See* 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

*Id*. "Section 1983 is not a source of substantive rights, but merely a method to vindicate violations of federal law committed by state actors." *Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) *(quoting Gonzaga Univ. v. Doe,*

8

536 U.S. 273, 284-85 (2002)).  To establish a claim under this section, a plaintiff must demonstrate that: 1) the conduct complained of was committed by a person acting under color of state law; and 2) said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution and laws of the United States. *Harvey v. Plains Twp. Police Dep't*, 421 F. 3d 185, 189 (3d Cir. 2005) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

## A.  Claims against Britcher and Keller

In their motion to dismiss for failure to state a claim, Defendants Britcher and Keller do not challenge whether they were acting "under color of state law" or whether their conduct violated Plaintiff's rights as secured by the Constitution or laws of the United States.  Rather, they contend that Plaintiff's Section 1983 claims against them are barred by the statute of limitations.  (Doc. 7, p. 2.)

### 1.  Statute of Limitations

The Federal Rules of Civil Procedure indicate that a statute of limitations defense generally cannot be used in the context of a 12(b)(6) motion.[10] *See Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) ("[A] limitations defense must be raised in the answer, since Rule 12(b) does not permit it to be raised by motion.").  However, it is well-established that an exception may be made "where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading." *Frasier-Kane v. City*

---

[10]  Rule 12(b) states that "[e]very defense ... shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion ...."  Fed. R. Civ. P. 12(b).  The defenses listed in Rule 12(b) do not include statutes of limitations defenses.  *See id.*

*of Phila.*, 517 F. App'x 104, 107 n. 1 (3d Cir. 2013) (quoting *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380 (3d Cir. 1994). On the other hand, a court may not dismiss a claim on a Rule 12 motion "where the face of the [complaint] does not unequivocally reveal whether a cause of action has been commenced within the limitations period." *Robinson*, 313 F.3d at 135; *see also Jaramillo v. Experian Info. Solutions, Inc*., 155 F. Supp. 2d 356, 358-59 (E.D. Pa. 2001) (holding that, for a Rule 12 dismissal of a claim as time-barred, noncompliance with limitations period must clearly appear on the face of the pleading).

Although federal statutory law does not contain a specific statute of limitations for civil rights actions, such claims are subject to the state statute of limitations for personal injury actions. *O'Connor v. City of Newark*, 440 F.3d 125, 126 (3d Cir. 2006). In this regard, federal courts sitting in Pennsylvania have adopted Pennsylvania's two-year personal injury statute of limitations set forth at 42 Pa. C.S. § 5524, in determining that a Section 1983 claim must be filed no later than two years from the date the cause of action accrued. *See Knoll v. Springfield Twp. Sch. Dist.*, 763 F.2d 584, 585 (3d Cir. 1985) (holding that the two-year limitations period of 42 Pa. Cons. Stat. Ann. § 5524 applies to Section 1983 actions). The limitations period begins to run when the plaintiff knows or has reason to know of the injury which is the basis of the Section 1983 action.[11] *Gera v. Commonwealth of Pennsylvania*, 256 F. App'x 563, 565 (3d Cir. 2007).

---

[11] The cause of action accrues whether or not the plaintiff knows or suspects negligence. *United States v. Kubrick*, 444 U.S. 111, 122 (1979).

In the present case, with regard to the claims against Defendants Britcher and Keller, the statute of limitations period began to run on January 8, 2009, when Britcher and Keller allegedly entered Plaintiff's home to execute a warrant and used physical force to take him into custody. (*See* Doc. 1, pp.1-2; Doc. 1-1, ¶ 1.) Accordingly, the two-year statute of limitations expired on January 8, 2011, more than two years before Plaintiff filed this action. Consequently, insofar as Defendants Britcher and Keller are concerned, Plaintiff's claims are barred as untimely and will therefore be dismissed.[12]

## 2. <u>Leave To Amend</u>[13]

While the grant or denial of leave to amend a complaint is generally a matter committed to the sound discretion of the trial court, *Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993), the Third Circuit has adopted a particularly liberal approach to the amendment of pleadings to ensure that a "particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990). Dismissal without leave to amend is justified only

---

[12] In his response to Britcher and Keller's motion to dismiss, Plaintiff asks the court to toll the statute of limitations because he "just learned" that Britcher and Keller had no authority to execute the warrant because Title 30 of the Pennsylvania Code generally prohibits waterway conservation officers from getting involved in Title 18 enforcement matters. (Doc. 17, ¶¶ 5, 13.) However, Plaintiff was certainly aware of his excessive force claims at the time of the arrest when he was allegedly thrown to the ground and pepper sprayed despite cooperating with the officers. To the extent that Plaintiff was unaware of *all* of his claims against the officers at that time, *i.e.*, that they lacked the authority to execute the warrant, a potential Section 1983 plaintiff is obliged to use due diligence to discover all of his or her claims. *See Sandutch v. Muroski*, 684 F.2d 252, 254 (3d Cir. 1982) (holding that because exercise of due diligence would have caused the plaintiff to discover his claim within statutory period, claim was time-barred). The court is confident that Plaintiff would have discovered all of his claims against Britcher and Keller prior to the expiration of the statute of limitations had he used due diligence in doing so. Accordingly, the court will not toll the statute of limitations.

[13] Rule 15(a) of the Federal Rules of Procedure provides that leave to amend should be liberally granted when justice so requires. F.R.C.P. 15(a).

on the grounds of bad faith, undue delay, prejudice, or futility. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 113 (3d Cir. 2002); *see also Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). An amendment would be futile, and leave to amend should be denied, where the statute of limitations or some other affirmative defense would compel dismissal of the claim. *Grayson*, 293 F.3d at 113. Thus, with regard to Plaintiff's claims against Britcher and Keller, the court finds that leave to amend would be futile as there is no conceivable scenario under which Plaintiff could allege facts which would render the action timely. The court will therefore dismiss the complaint against Britcher and Keller with prejudice.

### B. Claims against Judge Campbell

The gravamen of Plaintiff's Section 1983 claims against Judge Campbell is that he made "many errors" pertaining to Plaintiff's trial. As a result of these errors, Plaintiff asks the court to "issue injunctive relief relieving Judge Campbell of subject matter jurisdiction and void all orders issued by him as allowed by case law when a judge acts as a trespasser of the law." (Doc. 1, pp. 5-6.) Judge Campbell argues that Plaintiff's claims against him should be dismissed based on judicial immunity, Eleventh Amendment immunity, and the *Younger* abstention doctrine. (Doc. 13.) For the reasons set forth below, Judge Campbell's motion will be granted.

### 1. Judicial Immunity

The claims asserted against Judge Campbell arise solely from actions undertaken in his capacity as a judge of the Pennsylvania Court of Common Pleas. The Supreme Court has long recognized that judges are absolutely immune from suit

under Section 1983 for monetary damages arising from their judicial acts. *Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000); *Mireles v. Waco*, 502 U.S. 9, 9 (1991). In determining whether such immunity attaches, the essential inquiry is whether, at the time the judge took the challenged judicial action, he had jurisdiction over the subject matter before him.[14] *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). A judge will not forfeit his immunity simply because his action was done erroneously, maliciously, or in excess of his authority; rather, a judge will be subject to liability only when he acted in the "clear absence of all jurisdiction." *Id*. at 356-57 (1978) (citation ommitted); *Gallas*, 211 F.3d at 768 (finding that judicial immunity does not apply to nonjudicial actions or to actions that, while judicial in nature, were taken in the complete absence of all jurisdiction); *see Pierson v. Ray*, 386 U.S. 547, 554 (1967) (stating that the doctrine of judicial immunity applies even to allegations of malice or judicial corruption).

Public policy strongly supports the broad grant of judicial immunity found in federal precedent. As the Supreme Court recognized in *Mireles v. Waco*, 502 U.S. 9, 10 (1991), although "unfairness and injustice to a litigant may result on occasion, it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequence to himself." (citations omitted). As the Court explained in a subsequent decision, "[i]f judges were personally liable for erroneous decisions, the resulting

---

[14] Factors used to determine whether an act is judicial "relate to the nature of the act itself, *i.e*., whether it is a function normally performed by a judge, and to the expectation of the parties, *i.e*., whether they dealt with the judge in his judicial capacity." *Figueroa v. Blackburn*, 208 F.3d 435, 443 (3d Cir. 2000) (quoting *Stump*, 435 U.S. at 362). Generally, where a court has some subject matter jurisdiction, there will be sufficient jurisdiction for purposes of judicial immunity. *Id.* at 443-44.

avalanche of suits, most of them frivolous and vexatious, would provide powerful incentive for judges to avoid rendering decisions likely to provoke such suits." *Forester v. White*, 484 U.S. 219, 226 (1988).

In the instant case, Plaintiff's allegations against Judge Campbell relate to actions or omissions taken by him during the course of the criminal proceedings and were well within the jurisdiction of the Pennsylvania Court of Common Pleas.[15] Accordingly, the doctrine of absolute judicial immunity bars Plaintiff's claims for money damages against him.

Plaintiff's request for injunctive relief is also unavailing. Indeed, a 1996 amendment to Section 1983 provides that, "injunctive relief shall not be granted" in an action brought against "a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable."[16] *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) (explaining that the amendment to Section 1983 applies to both state and federal judges). Because Plaintiff has not alleged that a declaratory decree was violated or that declaratory relief is unavailable, and because the injunctive relief sought by Plaintiff does not address actions taken by Judge Campbell other than in his judicial capacity, his claim for injunctive relief is barred.

Additionally, insofar as Plaintiff is seeking declaratory relief in some unspecified form, the claims will be dismissed. Whether declaratory relief should be

---

[15] Judges of the Court of Common Pleas have broad judicial powers, including unlimited original jurisdiction of all actions and proceedings. Pa. Const. Art. V § 5(b); 42 Pa. Cons. Stat. Ann. § 931.

[16] *See* Federal Courts Improvement Act ("FCIA"), Pub.L. No. 104-317, 110 Stat. 3847 (1996).

granted in an appropriate case is committed to the court's sound discretion. *Iseley v. Bucks Cnty.*, 549 F.Supp. 160, 166 (E.D. Pa. 1982). In determining the appropriateness of declaratory relief, the court must consider whether such relief will resolve an uncertainty giving rise to a controversy, the convenience of the parties, the public interest, and the availability of other remedies. *Id.* Declaratory judgment is an inappropriate remedy if it is used solely to adjudicate past conduct. *See Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006). As such, the court should deny the request for declaratory relief where the plaintiff is not seeking declaratory relief in the true legal sense. *See id.* (holding that the plaintiff's attempt to have a federal court "declare" that another judge violated his rights is not legally cognizable); *see also Rush v. Wiseman*, No. 09-4385, 2010 WL 1705299, * 11 (E.D. Pa. Apr. 27, 2010) (finding that declaratory relief is unavailable where the plaintiff sought a declaration that a federal judge, while acting in her official capacity, conspired to violate the plaintiff's rights).

Here, from what the court can discern, it does not appear Plaintiff has pled any legally cognizable claims for declaratory relief. Moreover, public policy favors dismissal of all claims against Judge Campbell. *See Waris v. Frick*, No. 06-5189, 2007 WL 954108, * 9 (E.D. Pa. Mar. 28, 2007) ("[T]he purposes of judicial immunity and the limitations of injunctive relief in 42 U.S.C. § 1983 would be ill-served if judges routinely were forced to defend against declaratory judgment actions like this one, where their immunity obviously shields them from liability for money damages."); *see also Hansen v. Ahlgrimm*, 520 F.2d 768, 770 (7th Cir. 1975) (denying declaratory relief where it was a predicate to damage relief and damage claims were barred by judicial immunity).

## 2. **Eleventh Amendment Immunity**[17]

Plaintiff's claims against Judge Campbell for money damages and injunctive and declaratory relief are also barred by Eleventh Amendment immunity. A suit against Judge Campbell in his office is tantamount to a suit against the Commonwealth itself and therefore Eleventh Amendment immunity applies.[18] *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 254 (3d Cir. 2010) ("Individual state employees sued in their official capacity are also entitled to Eleventh Amendment immunity because 'official-capacity suits generally represent only another way of pleading an action' against the state.").

## 3. **The *Younger* Abstention Doctrine**

In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court "established a principle of abstention when federal adjudication [of a claim] would disrupt an ongoing state criminal proceeding." *Yi Yang v. Tsui*, 416 F.3d 199, 202 (3d Cir. 2005). The *Younger* Court based its decision on the principles of comity and "the longstanding public policy against federal court interference with state court proceedings." *Younger*, 401 U.S. at 43. Absent extraordinary circumstances, the *Younger* abstention doctrine requires a federal court to abstain

---

[17] Although the court has disposed of the claims against Judge Campbell on the basis of judicial immunity alone, the court will, in an abundance of caution, include a brief discussion on Eleventh Amendment Immunity and the *Younger* abstention doctrine.

[18] The Eleventh Amendment precludes federal court jurisdiction over suits by private parties against states or their agencies unless sovereign immunity has expressly been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). By statute, the Commonwealth of Pennsylvania has specifically withheld its consent to be sued. *See* 42 Pa. Cons. Stat. Ann. § 8521(b); *see also Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981). "The Eleventh Amendment also bars a suit against a state official in his or her official capacity because it 'is not a suit against the official but rather is a suit against the official's office. As such it is no different from a suit against the State itself.'" *Garden State Elec. Inspection Servs. v. Levin*, 144 F. App'x 247, 251 (3d Cir. 2005) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)).

from proceeding when the following three requirements are met: (1) there are on-going state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and 3) the state proceedings afford an adequate opportunity to raise federal claims. *Anthony v. Council*, 316 F.3d 412, 418 (3d Cir. 2003).

All three predicates exist here:[19] (1) Plaintiff's PCRA petition filed in the Adams County Court of Common Pleas is still pending; (2) Pennsylvania's enforcement of criminal laws and the administration of its judicial system are vital state interests; and (3) the PCRA proceeding provides a forum for Plaintiff to raise constitutional issues.[20] Thus, as Plaintiff's requested remedies will undeniably interfere with pending state proceedings, the court will apply *Younger* abstention and grant Judge Campbell's motion to dismiss Plaintiff's claims insofar as they relate to the ongoing state court proceedings.

### 4. <u>Leave to Amend</u>

Based upon the foregoing discussion regarding judicial and Eleventh Amendment immunity and the *Younger* abstention doctrine, the court finds that any attempt to amend the complaint to assert a viable claim against Judge Campbell

---

[19] In addition, there is no showing of bad faith, harrassment or some other extraordinary circumstance, which might make abstention inappropriate. *See Kane v. City of Phila.*, 517 F. App.'x 104, 107 (2013) (finding that very few situations will be considered 'extraordinary').

[20] In his PCRA Petition, Plaintiff asserts a claim for ineffective assistance of counsel related to his trial counsel's failure to address the trial court's alleged errors at trial. These errors are essentially the same errors that he now attempts to assert in his claim for denial of due process against Judge Campbell. *See* Doc. 1-1, ¶¶ 13-14.

would be futile.  Consequently, Plaintiff's claims against Judge Campbell will be dismissed with prejudice.

### C.    Claims against Sheriff Muller

Sheriff Muller seeks dismissal of the claims against him based on Plaintiff's failure to state a claim, or alternatively, qualified immunity.  The court will grant the motion for failure to state a claim and elect not to address the issue of qualified immunity at this time.

Although the caption of the complaint includes Sheriff Muller's name, the complaint itself provides no factual allegations regarding Sheriff Muller himself. It is well settled in the Third Circuit that, for a Section 1983 claim to be adequately pled, the complaint's allegations must show that each named defendant was personally involved in the alleged constitutional deprivations.  *Hampton v. Holmesburg Prison Offiicals*, 546 F.2d 1077, 1082 (3d Cir. 1976).  As the court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

*Rode*, 845 F. 2d at 1207 (citations ommitted).  Given that the complaint fails to make any allegations against Sheriff Muller, the court could dismiss the claims against him at this juncture.  The court is cognizant, however, of Plaintiff's *pro se* status and thus will attempt to glean from the complaint those facts which Plaintiff seems to believe support a claim against Sheriff Muller.

In the complaint, Plaintiff alleges that, despite being assured by Lieutenant Miller that no further action would be taken pursuant to the closed bench warrant, four uniformed deputies arrested Plaintiff in front of the Adams County Courthouse on February 28, 2013. Since Sheriff Muller is the sheriff of Adams County and presumably the superior to the four unnamed, non-party deputies, the court will infer from the complaint that Plaintiff is attempting to hold Sheriff Muller liable under a theory of *respondeat superior*. Nevertheless, personal involvement must still be shown. A "defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode*, 845 F.2d at 1207; *see Santiago v. Warminster Twp.*, 629 F.3d 121, 134 n. 10 (3d Cir. 2010) (holding that supervisor liability requires either maintenance of a policy, practice or custom that causes harm, or participation in, direction of, or acquiescence to subordinates' violations); *Monell v. N.Y.C. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978) (stating that it is well-established that *respondeat superior* cannot be a basis for Section 1983 liability). Consequently, to the extent that Plaintiff is seeking to hold Sheriff Muller liable entirely on a theory of *respondent superior*, his claims must fail.

However, a review of Plaintiff's response to Sheriff Muller's motion to dismiss shows that Plaintiff may be seeking to hold Sheriff Muller liable for actions above and beyond his supervisory status alone. Indeed, the additional facts, if properly alleged, may provide a plausible claim against Sheriff Muller, *i.e.*, Sheriff Muller, knowing the warrant had been closed, instructed the deputies to arrest Plaintiff; Sheriff Muller was present at the time of Plaintiff's arrest; the arresting officers were acting under Sheriff Muller's control and direction; and Sheriff Muller

told Plaintiff of the department's policy of making arrests on inactive warrants. (Doc. 16 ¶¶ 8-12.)  Therefore, based upon the foregoing allegations and considering the liberal pleading requirements under Rule 8 and the less-stringent pleading requirements afforded to *pro se* plaintiffs, the court will provide Plaintiff with the opportunity to file an amended complaint.  Plaintiff is advised that the amended complaint must be complete in all respects.  As such, it must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed.  *Young v. Keohane*, 809 F. Supp. 1185, 1189 (M.D. Pa. 1992).  Thus, the amended complaint should include all allegations relating to Plaintiff's claims against Sheriff Muller and should not address any of Plaintiff's claims that were disposed of as a result of the instant motion to dismiss.[21]

## IV.        <u>Conclusion</u>

In accordance with the foregoing discussion, the motions to dismiss filed by Defendants Britcher, Keller, and Judge Campbell will be granted and these

---

[21]  Even if Plaintiff is successful in demonstrating the elements required for a Section 1983 claim against Sheriff Muller in an amended complaint, Sheriff Muller's liability, as a state official, may be shielded by qualified immunity.  Qualified immunity operates to "protect officers from the sometimes 'hazy border between excessive and acceptable force.'"  *Carswell v. Borough of Homestead*, 381 F.3d 235, 242 (3d Cir. 2004) (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).  An officer is entitled to qualified immunity when the officer makes a reasonable mistake as to what the law requires of him in a particular situation.  *Saucier*, 533 U.S. at 205.  An officer will be denied qualified immunity only where he violates "clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Therefore, "[t]he relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."  *Saucier*, 533 U.S. at 202.  The court will withhold judgment on this matter, however, until such time as Plaintiff, if he chooses to do so, files an amended complaint.

defendants will be terminated as parties to this action with prejudice.  The claims against Sheriff Muller will also be dismissed, but Plaintiff will be given an opportunity to file an amended complaint.

An appropriate order will issue.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated:  October 25, 2013.